IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RAFAEL MERCADO,

                              ORDER

           Petitioner,

                          08-CV-671-slc[1]

    v.

CAROL HOLINKA,
Warden, FCI-Oxford,

          Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Rafael Mercado is a prisoner currently confined at the Federal Prison Camp

in Oxford, Wisconsin.  He has filed a pleading styled as a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241, and paid a $5 filing fee.  In the petition, petitioner asks this

---

[1]      Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker.  It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the Western District of Wisconsin receive the attention they deserve in a timely manner.  At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action.  Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

1

court to find that 1) a Bureau of Prisons regulation violates the Administrative Procedures

Act because it fails to set forth a valid rationale for categorically excluding statutorily eligible

persons from a one-year sentence reduction for their successful completion of a Residential

Drug Abuse Program (RDAP); and 2) petitioner's equal protection rights are being violated

because the Bureau is treating prisoners covered by a Ninth Circuit decision governing

RDAP eligibility differently from prisoners confined in other circuits.  Petitioner seeks as

relief an order directing the Bureau of Prisons to "award [petitioner] his one-year credit for

the successful completion of a Residential Drug Abuse Program as permitted by 18 U.S.C.

§ 3621(e).

The first question is whether petitioner's claim is properly raised in a habeas corpus

action under § 2241.  Unfortunately for petitioner, it is settled law in this circuit that it is

not.  Section § 3621(e) permits but does not compel early release.  Bush v. Pitzer, 133 F.3d

455 (7th Cir. 1997).  Therefore, in Richmond v. Scibana, 387 F.3d 602, 605 (7th Cir.

2004), the court of appeals held that §2241 is not an appropriate vehicle in which to raise

a challenge to the Bureau of Prisons' interpretation of the provisions in § 3621, because a

decision in the petitioner's favor will not automatically entitle him to any change in the

duration of his confinement.  It reasoned that habeas corpus is reserved solely for those

claims in which the prisoner's success would entitle him to release from custody or a shorter

duration of confinement.  E.g., Hill v. McDonough, 126 S. Ct. 2096, 2101 (2006) (habeas

2

is appropriate vehicle when judgment in prisoner's favor would "necessarily imply" that conviction was invalid).

In this case, petitioner's success might entitle him to an order requiring the Bureau of Prisons to consider his eligibility for an early release.  It would not entitle him to release from custody altogether or to a shortening of the length or duration of his sentence.  Thus, habeas corpus is not an appropriate vehicle for petitioner to be raising his claim.

As petitioner appears to be aware, he is free to sue an agency under the Administrative Procedures Act for violating the Constitution.  Under 5 U.S.C. § 706(2)(B), district courts have authority to "hold unlawful and set aside agency action, findings, and conclusions" that are "contrary to constitutional right, power, privilege, or immunity." Petitioner has identified the Administrative Procedures Act in his petition, and I have considered claims similar to petitioner's under that statute in the wake of Richmond.  E.g., Tristano v. Federal Bureau of Prisons, 2004 WL 5284511 (W.D. Wis. April 18, 2007).

However, I will not convert petitioner's habeas corpus petition into a civil action without express direction from petitioner to do so.  In Moran v. Sondalle, 218 F.3d 647, 649 (7th Cir. 2000), the court of appeals noted that "[p]risoners may be tempted to choose one route rather than another to avoid limitations imposed by Congress."  See also Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999) (noting different procedural requirements and consequences of § 1983 and habeas corpus statutes as reasons for refusing to convert action).

3

Petitioner may have decided purposely to avoid certain limitations by filing his claim in a petition for a writ of habeas corpus.  Specifically, he may have wanted to avoid paying a $350 filing fee for an APA action as opposed to a $5 fee for a habeas corpus action, or he may have wanted to avoid application of the 1996 Prison Litigation Reform Act to his case. Under the PLRA, petitioner is required to pay the $350 filing fee, even if he asks for and is granted leave to proceed in forma pauperis.  If he seeks and is granted pauper status, he must pay the fee, starting with an initial partial payment calculated from a trust fund account statement covering the six-month period immediately preceding the filing of his complaint, followed by monthly installment payments until the fee is paid in full.  In addition, the Act requires the court to screen petitioner's complaint.  If the court dismisses any claim as legally frivolous or malicious or for failure to state a claim upon which relief may be granted, the court must assess petitioner a "strike" under 28 U.S.C. § 1915(g).  (Although the PLRA also requires a petitioner to satisfy exhaustion procedures different from the procedures applicable to claims brought under the habeas corpus statute, petitioner has submitted documentation showing that he has exhausted the administrative remedies as required before filing suit under the APA.)

In sum, no action can be taken in this case until petitioner clarifies his intentions. If he wishes to pursue his claim in a habeas corpus action, he is free to do so, although in that case I will dismiss the action promptly for petitioner's failure to show that he is in

4

custody in violation of the Constitution or laws of the United States.   If petitioner decides

to pursue his action under the APA, he will have to advise the court of that fact no later than

January 20, 2009.  If petitioner chooses the latter route, he must either pay the $350 filing

fee or submit a request for leave to proceed in forma pauperis that is accompanied by a trust

fund account statement for the six-month period immediately preceding the filing of his

action so that the court can assess him an initial partial payment of the filing fee as § 1915

requires.


ORDER

IT IS ORDERED that petitioner Rafael Mercado may have until January 20, 2009,

in which to inform the court whether he wishes this court to treat his pleading as a petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 or as a complaint in a civil action

under the Administrative Procedures Act.  If he chooses to proceed under the APA, he must

submit, no later than January 20, 2009, either 1) a check or money order made payable to

the clerk of court in the amount of $350; or 2) a request for leave to proceed in forma

pauperis, together with a trust fund account statement for the period beginning

approximately May 19, 2008 and ending approximately November 19, 2008.

Further, IT IS ORDERED that if petitioner fails to respond to this order by

January 20, 2009, I will treat his action as a habeas corpus action and dismiss the case for

5

his failure to show that he is in custody in violation of the constitution or laws of the United

States.

Entered this 31st day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge