IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RAFAEL MERCADO,

                                                                                    ORDER

                Petitioner,

                                                                      08-cv-671-slc[1]

      v.

CAROL HOLINKA,
Warden, FCI-Oxford,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In a December 31, 2008 order, I told petitioner Rafael Mercado that under <u>Bush v. Pitzer</u>, 133 F.3d 455 (7th Cir. 1997) and <u>Richmond v. Scibana</u>, 387 F.3d 602 (7th Cir. 2004), I cannot entertain in a § 2241 habeas corpus action his claims that a Bureau of Prisons regulation violates the Administrative Procedures Act and that his constitutional right to equal protection is being violated because the Bureau is treating prisoners covered by a Ninth Circuit decision governing Residential Drug Abuse Program (RDAP) eligibility

---

[1] As I noted in an earlier order, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order, I am assuming jurisdiction over the case.

1

differently from prisoners confined in other circuits. I explained that a decision in petitioner's favor on his claims will not automatically entitle him to any change in the duration of his confinement. Therefore, under <u>Bush</u> and <u>Richmond</u>, petitioner must raise his claims in a civil action under the Administrative Procedures Act, 5 U.S.C. § 706(2)(B), and <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971). Also in the December 31 order, I told petitioner that I would not convert his habeas corpus action into a civil action without his express permission to do so, because a civil action is subject to the provisions of the 1996 Prison Litigation Reform Act, whereas his habeas corpus proceeding is not.

Now petitioner has written to inform the court that he does not wish the court to convert his action to a civil action subject to the PLRA. Instead, he states simply that he will pursue his claims in a habeas corpus action because in his opinion, <u>Bush</u> and <u>Richmond</u> do not foreclose them. In light of the lack of any legal argument explaining why petitioner disagrees with my decision that his claims cannot be raised in a § 2241 action, I will dismiss his petition for his failure to show that his custody violates the constitution or laws of the United States.

ORDER

IT IS ORDERED that petitioner Rafael Mercado's petition for a writ of habeas corpus

is DISMISSED for his failure to show that he is in custody in violation of the constitution or laws of the United States.

Entered this 3rd day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3